IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY RAY GARCIA,   No. 2:14-CV-0093-TLN-CMK-P

    Plaintiff,

 vs.   ORDER

TSENG,

    Defendant.

_____/

    Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are: (1) defendant's motion to strike (Doc. 41); (2) plaintiff's motion for appointment of counsel (Doc. 54).

    The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his

1

own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  Plaintiff argues:

> . . .Plaintiff has realized that this juncter [sic] of this case is to [sic] complex for Plaintiff to proceed as it should.  Plaintiff has gone through his evidence (exhibits) in response to defendant's opposition to Plaintiff's summary judgment and has countered every dispute from defendant, leaving defendant with no defense, but if there is a technical error that would give the court even a second thought, then Plaintiff request [sic] appointment of counsel before the decision is made. . . .

Plaintiff has not demonstrated exceptional circumstances.  Rather, he describes a situation common to most inmates pursuing civil actions in this court.  Moreover, if the court identifies a "technical error" in plaintiff's motion, he will be provided an opportunity to cure it.  Plaintiff's motion for the appointment of counsel will be denied.

Defendant seeks an order striking portions of exhibits attached to plaintiff's motion for summary judgment.  Defendant has offered a redacted version of the exhibits to replace the versions filed by plaintiff.  Good cause appearing therefor, defendant's motion to strike will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel (Doc. 54) is denied;
2. Defendant's motion to strike (Doc. 41) is granted; and
3. The Clerk of the Court shall file the redacted exhibits submitted at Doc. 42.

DATED:  August 23, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE